[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1476

RAMON RIVERA,

Plaintiff, Appellant,

v.

KENNETH S. APFEL, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Donna M. Nesselbush and Marasco & Nesselbush on brief for appellant.
Margaret E. Curran, United States Attorney, Anthony C. DiGioia, Assistant United States Attorney, and Wayne G. Lewis, Assistant Regional Counsel, on brief for appellee.

December 28, 2000

**Per Curiam**. Ramon Rivera appeals from the judgment of the district court affirming the decision of the Commissioner of Social Security that claimant is not disabled and therefore not entitled to supplemental security income benefits. On appeal, claimant raises three issues: (1) whether the administrative law judge (ALJ) abused his discretion, first, when he failed to acknowledge claimant's request for a supplemental hearing to cross-examine Dr. Teixeira, who conducted a psychological evaluation of claimant and, second, when he (the ALJ) implicitly denied the request without giving any reasons for his action; (2) whether the IQ test used by Dr. Teixeira was inaccurate; and (3) whether reliance on the grid was precluded under our decision in Ortiz v. Secretary of Health and Human Services, 890 F.2d 520 (1st Cir. 1989) (per curiam).

As for the first two issues, it is noteworthy that claimant was the one who had sought, at the last minute, a psychological evaluation. In this context, it was incumbent upon claimant to explain, in his request for a supplemental

-2-

hearing, what such a hearing likely would reveal and why there were no other ways, short of a hearing, of obtaining the needed information. Given this, we cannot say that the ALJ's implicit denial of claimant's request for a supplemental hearing was an abuse of discretion.

Although we agree that there is a general dispute concerning the accuracy of the Spanish version of the Wechsler Adult Intelligence Scale (EIWA), that dispute need not be addressed in order to resolve this case. Specifically, the IQ scores seem not to have been the determining factor in Dr. Teixeira's evaluation of claimant or in the ALJ's decision of no disability. Indeed, the ALJ only mentioned claimant's EIWA IQ scores in passing and seemed to rely more on Dr. Teixeira's observations of claimant's mental capacities and on claimant's history. These observations, according to Dr. Teixeira, conformed to claimant's EIWA IQ scores.

Dr. Teixeira's observations resulted in the following residual functional capacity (RFC) assessment. First, Dr. Teixeira found no limits in claimant's abilities (1) to relate to other people, (2) to respond appropriately to supervision and to coworkers, and (3) to perform simple tasks. Second, Dr. Teixeira determined that claimant had

-3-

mild limitations in responding to customary work pressures, and in performing complex or varied tasks. Finally, Dr. Teixeira opined that claimant had moderate limitations in understanding, remembering, and carrying out instructions. Based on this RFC assessment, it is plain that there is substantial evidence to support the ALJ's conclusion that claimant's mental impairment did not affect, more than marginally, his (claimant's) capacity to engage in the full range of light work.

Claimant nonetheless argues that the ALJ erred in relying on the grid on the ground that the ALJ himself found that claimant "often" experienced deficiencies in concentration, persistence, or pace, which resulted in the failure to complete tasks in a timely fashion. Claimant maintains that due to this finding, the instant case falls outside the situations in which use of the grid is permitted as set out in Ortiz v. Secretary of Health and Human Services, supra, 890 F.2d 520. In particular, claimant argues that since the ALJ in Ortiz had found that the claimant there "seldom" had such problems, the instant case requires the testimony of a vocational expert.

However, while claimant is correct regarding the ALJ's rating in Ortiz, we found that this rating was

-4-

ambiguous and thus we decided to <u>disregard</u> it.  <u>Id.</u> at 526 n.6.  Rather, in relation to the ability to concentrate, we relied on the RFC evaluations completed by the various medical experts.  The claimant, according to these evaluations, had <u>moderate</u> limits in maintaining attention and concentration for extended periods.  <u>Id.</u> at 527.  We nonetheless held that use of the grid was appropriate.

Thus, the question is whether the ALJ's "often" rating here is equivalent to the "moderate" rating in <u>Ortiz</u>.  We find that it is.  Specifically, "often" and "moderate" are both the <u>middle</u> ratings on five-point scales.  That is, the ratings on the "B" criteria of the Psychiatric Review Technique Form regarding how often deficiencies in concentration occur are never, seldom, often, frequent, and constant; on the RFC forms, the limits are rated as none, mild, moderate, moderately severe, and severe.  A "moderate" limit is defined as "an impairment which affects but does not preclude [the] ability to function."  <u>See</u>, <u>e.g.</u>, Trans. at 195 (RFC form completed by Dr. Teixeira).  As a result, the use of the grid was not precluded by <u>Ortiz</u>.

The judgment of the district court is <u>affirmed</u>.*

     *Chief Judge Torruella respectfully dissents and would order a remand for further proceedings on the question of the accuracy of the EIWA.